UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81742-CIV-MARRA/MATTHEWMAN

JAMES E. SCOTT,

       Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

       Defendant.
_____/



FILED BY _____ D.C.

MAY 10 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S CORRECTED MOTION TO COMPEL PRODUCTION OF A LIMITED VAUGHN INDEX [DE 23]**

**THIS CAUSE** is before the Court upon Plaintiff, James E. Scott's ("Plaintiff") "Notice of Corrected Filing of Motion to Compel Production of a Limited Vaughn Index; Plaintiff's Motion for an Enlargement of Time to File a Response to Defendant's Motion for Summary Judgment" ("Motion") [DE 23]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 14. Defendant, Internal Revenue Service ("Defendant"), has filed a response [DE 24]. Plaintiff has not filed a timely reply.

**I.**    **Background**

On December 21, 2018, Plaintiff filed a Complaint for Injunctive Relief [DE 1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that Defendant had improperly withheld certain agency records from him. On February 26, 2019, Plaintiff filed a Motion to Compel Preparation of a Vaughn Index [DE 13]. On March 19, 2019, the Court denied the Motion to Compel Preparation of a Vaughn Index on the basis that the motion was premature because Defendant has not yet had the opportunity to try to prove through other means that it properly invoked FOIA exemptions when it decided to withhold information. [DE 19]. The ruling was

1

without prejudice to Plaintiff renewing his request for a Vaughn index later in this case if he had good cause to do so. *Id.*

On April 8, 2019, Defendant filed its Motion for Summary Judgment [DE 20] and attached to it the Declaration of Aaron B. Edelman [DE 20-3]. Two days later, Plaintiff filed a second motion to compel Vaughn index [DE 22], and the corrected version of that motion [DE 23] is now pending before the Court. Plaintiff has also filed a Cross-Motion for Summary Judgment and has opposed Defendant's Motion for Summary Judgment. *See* DEs 25, 27, 28, 29.

## II.     Motion and Response

In Plaintiff's Motion [DE 23], he requests an order requiring Defendant to

> provide, with respect to only pages 1 through 44 and 697 through 826, an indexed inventory of every agency record or portion thereof from [sic] responsive to Plaintiff's request which Defendant asserts to be exempt from disclosure, accompanied by a detailed justification statement covering each refusal to release records or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), and 32 CFR 701.39, no later than 14 days after the date of such order.

[DE 23, p. 1]. Plaintiff asserts that Defendant has withheld 130 pages in full and 36 pages in part. *Id.* at p. 2.

With regard to the documents withheld in part, Plaintiff contends that it is not clear when the documents were created, who created them, or who received them. [DE 23, p. 2]. With regard to the pages withheld in full, Plaintiff argues that he cannot determine how many different documents were withheld, when the documents were created, who created them, or who received them. *Id.* According to Plaintiff, Defendant has "skimped on adequately identifying each document and where it fits in the deliberative process." *Id.* Plaintiff further argues that he needs a Vaughn index to "test the bases for Defendant's claims of exemption" and that such index may "reduce the number of documents as to which there is a bona fide dispute, and help narrow the

2

issues." *Id.* at p. 3. Finally, Plaintiff seeks an enlargement of time to respond to Defendant's Motion for Summary Judgment if the Court grants his Motion to Compel. *Id.*

In response, Defendant argues that the Motion should be denied in its entirety. [DE 24, p. 1]. Defendant asserts that the Declaration of Aaron B. Edelman (the "Edelman Declaration") [DE 20-3], which has already been filed in this case, "is reasonably detailed and describes the records sufficiently enough to establish that [Defendant] is properly withholding records, or portions thereof, pursuant to the FOIA Exemptions." *Id.* at p. 3. Defendant explains that the Edelman Declaration specifically describes, for the documents at issue, which exemption is claimed, whether the record is being withheld in full or in part, the pages where Defendant is claiming the exemptions, a description of the document, and a description of the information that is being withheld. *Id.* at pp. 3-4. Defendant asserts that the Edelman Declaration specifically shows where the documents being withheld pursuant to FOIA exemption 5 in conjunction with the deliberative process privilege fit into the deliberative process, contrary to Plaintiff's assertion in his Motion. *Id.* at pp. 4-5.

Defendant further contends that agency declarations filed in FOIA cases are given a presumption of good faith and that Plaintiff has failed to rebut that presumption. [DE 24, p. 5]. Finally, Defendant maintains that, "[i]f the Court determines that it needs additional information before it makes its final decision as to the sufficiency of [Defendant's] evidence in support of its FOIA exemptions, the Court can simply order [Defendant] to file a supplemental declaration." *Id.* at p. 6.

### III.   Analysis

In *Vaughn*, the court addressed the problems entailed in assuring that a government agency's allegations that information is exempt from the FOIA are adequately justified. 484 F.2d

at 826. The court came up with a procedure for testing the classification of claims to exceptions. *Id.* at 826-28. A Vaughn index is "a detailed index showing justification for withholding each document." *Miscavige v. I.R.S.*, 2 F.3d 366, 367 (11th Cir. 1993). "A true Vaughn index identifies discrete portions of documents and identifies the exemption pertaining to each portion of the document. In most cases, such an index provides the date, source, recipient, subject matter and nature of each document in sufficient detail to permit the requesting party to argue effectively against the claimed exemptions and for the court to assess the applicability of the claimed exemptions." *St. Andrews Park, Inc.*, 299 F. Supp. 2d at 1271 (S.D. Fla. 2003) (quoting *Moye v. National R.R. Passenger Corp.,* No.2003 WL 21146674, at *11 n. 2 (M.D. Fla. May 13, 2003)).

In a FOIA case such as this one, "[t]he burden is squarely on the government to prove that the information in question is covered by one of the exemptions." *Ely v. F.B.I.*, 781 F.2d 1487, 1489–90 (11th Cir. 1986). In the Eleventh Circuit, "an adequate factual basis may be established, depending on the circumstances of the case, through affidavits, a *Vaughn* Index, *in camera* review, *or* through a combination of these methods." *Miccosukee Tribe of Indians of Fla.*, 516 F.3d 1235, 1258 (11th Cir. 2008). "The Court is not required to review documents *in camera,* or even to order a *Vaughn* Index in every case. At times, other methods, such as affidavits, will suffice." *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, No. 12-61735-CIV, 2014 WL 2999205, at *2 (S.D. Fla. Apr. 4, 2014); s*ee also Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). "[I]n certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, *in camera* review, or oral testimony." *St. Andrews Park, Inc. v. U.S. Dep't of Army Corps of Engineers*, 299 F. Supp. 2d 1264, 1271 (S.D. Fla. 2003) (quoting *Miscavige,* 2 F.3d at 369).

4

In another case in this District involving Plaintiff and a similar government agency, the undersigned denied Plaintiff's motion to compel preparation of a Vaughn index as premature. *Scott v. Treasury Inspector General for Tax Administration*, No. 18-80366-CIV, 2018 WL 3689095, at *1 (S.D. Fla. June 20, 2018). However, under the facts of the instant case, the undersigned finds that Plaintiff's Motion is not premature, as discussed further below.

Further, in *St. Andrews Park, Inc., supra*, the Court found that the defendant agency had failed to provide the level of specificity required when identifying the documents the defendant agency had withheld from the plaintiff under FOIA. 299 F. Supp. 2d at 1271. The court pointed out that the defendant had identified strings of emails, instead of individual emails, and had failed to identify the author and recipient for each email. *Id.* The court further explained that, with regard to the documents the defendant agency had withheld based on the deliberative process exemption, "[b]ecause the [defendant] has not filed an *Vaughn* index or an affidavit describing the role of the authors and recipient of each individual e-mail, the Court cannot determine, even with the documents before it coupled with the [defendant's] log of the documents, whether specific documents are inter-agency or intra-agency communications." *Id.* at 1272. The court ultimately granted the plaintiff's motion for summary judgment. *Id.*

While the Court denied Plaintiff's initial motion to compel a Vaughn index in this case without prejudice, the circumstances have since changed. The first motion to compel was denied before Defendant had filed any declarations or affidavits. Defendant, at this point, is relying on the Edelman Declaration to establish its burden that the documents at issue were properly withheld. The Court has carefully reviewed the Edelman Declaration [DE 20-3]. Pages 8-11 of the Edelman Declaration contain tables that list "Pages Withheld" and "Document Description." The Court finds that these tables do not provide sufficient information regarding the withheld documents.

5

Specifically, the tables do not include the authors and recipients of the documents, the dates the documents were created, or the number of documents included within the listed page numbers. The Court therefore finds that, in this specific case, Defendant should be required to create a Vaughn index.

### IV.    Conclusion

Based on the foregoing, it is hereby **ORDERED** that "Notice of Corrected Filing of Motion to Compel Production of a Limited Vaughn Index; Plaintiff's Motion for an Enlargement of Time to File a Response to Defendant's Motion for Summary Judgment" [DE 23] is **GRANTED IN PART AND DENIED IN PART**. Defendant shall produce a limited Vaughn Index to Plaintiff in compliance with this Order and the relevant case law on or before **May 24, 2019**. The limited Vaughn Index need only to include pages 1-44 and 697-826 of the documents responsive to Plaintiff's request. To the extent that Plaintiff moves for an extension to respond to Defendant's Motion for Summary Judgment [DE 20], it appears that Plaintiff has already responded to the motion. *See* DE 27. Therefore, this portion of the Motion is moot. If Plaintiff withes to supplement his response to Defendant's Motion for Summary Judgment after he receives the limited Vaughn index, he can file a motion to supplement for determination by the Court.

The prior version of Plaintiff's Motion, the Motion to Compel Production of a Limited Vaughn Index; Motion for an Enlargement of Time to File a Response to Defendant's Motion for Summary Judgment [DE 22] filed on April 11, 2019, is **DENIED AS MOOT** since Plaintiff thereafter filed a corrected version of the motion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of May, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE